IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>v.<br><br>STEPHEN D. AKERS,<br>    Defendant. | Case No. 1:13-CR-10049-JEH-RLH-1 |

**Order**

Now before the Court is the Defendant Stephen D. Aker's *pro se* motion for early termination of supervised release, adopted by and with support from his Court-appointed counsel via a status report, as well as the Government's response in opposition.[1] (D. 33, 34, & 37). For the reasons stated *infra*, the motion is granted.

On April 18, 2013, a grand jury returned an indictment charging Akers with conspiracy to manufacture methamphetamine. Akers entered a guilty plea on March 20, 2014, pursuant to a written plea agreement. He was subsequently sentenced on December 3, 2015, to a term of 120 months in the Bureau of Prisons, followed by eight years of supervised release. Akers commenced his supervised release on November 19, 2021.

On August 28, 2025, Akers filed a pro se motion for early termination of his supervised release, citing his successful rehabilitation and compliance with all conditions of his release. The Court appointed the Federal Public Defender to represent Akers and file an amended motion or status report, which was submitted on September 15, 2025. The status report adopted Akers' *pro se* motion

---

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___."

and highlights his achievements, including maintaining sobriety, establishing a successful business, and having no violations during his supervision. Specifically, Akers emphasizes his successful rehabilitation and transformation since his arrest, highlighting that he has been sober for 12 years as of April 2025, a significant achievement given his 18-year history of substance abuse prior to his arrest. He has consistently passed all drug tests while on supervised release, demonstrating his commitment to maintaining sobriety. Akers has also maintained stable employment, initially working at CGC Maintenance & Repair and subsequently establishing his own successful construction and tree service business, Akers Enterprise, which employs multiple full-time and part-time employees. Additionally, Akers has taken responsibility for his past actions and has surrounded himself with supportive individuals, including his girlfriend of four years, Tanya, who has been a positive influence in his life. Akers argues that he has had no violations during his supervision, is not reliant on any services provided by the U.S. Probation Office, and has infrequent visits with his probation officer, indicating that further supervision is unnecessary. Next month, he will have served half of his originally imposed supervised release term.

Conversely, the Government opposes Akers' motion for early termination of supervised release, citing several concerns. The Government underscores Akers' significant criminal history, which includes eight prior convictions, and argues that his past behavior poses a risk to public safety if he were to relapse. The Government also highlights the nature and circumstances of Akers' offense, which involved a year-long conspiracy to manufacture methamphetamine, a dangerous substance, in a manner that endangered public safety through improper disposal of hazardous waste. The Government contends that continued supervision is necessary to deter Akers from potential criminal activity and to protect the public, as well as to ensure uniformity in probation recommendations and adherence to

the Sentencing Guidelines, which weigh against early termination. Despite acknowledging Akers' strides towards rehabilitation, the Government maintains that the need to protect the public and the nature of the offense warrant the continuation of supervised release.

This Court has stated the now familiar standard for evaluating motions for early termination of supervised release numerous times in several cases. To briefly repeat again here, pursuant to 18 U.S.C. §3583(e)(1), after one year, a court can terminate supervised release early if it is warranted by the defendant's conduct and in the interest of justice. A defendant's behavior must demonstrate rehabilitation such that they no longer pose a danger to the community. *See United States v. Crisp*, 770 F. Supp.3d 1124 at *4-5. Once at least one year of a supervised release term has elapsed, a court must consider the factors set forth in 18 U.S.C §3553(a) as required by 18 U.S.C. §3583(e). Among these factors are: 1) the nature and circumstances of the offense and the history and characteristics of the defendant; 2) deterrence of future criminal conduct; 3) protecting the public from future criminal conduct; 4) providing the defendant with adequate resources while on supervised release; 5) and the need to avoid unwarranted sentence disparities among defendants similarly situated who have been found guilty because of similar conduct.[2] 18 U.S.C. §3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(6).

These factors weigh in favor of early termination of supervised release. The Government is correct that the nature of Akers' offense was serious, as reflected by his original 120-month mandatory minimum sentence. At the time that sentence was imposed, that sentenced reflected the need to promote respect for

---

[2] Sub-section 3553(a)(3) is excluded from factors a court must consider as set forth in §3583(e), and subsections (a)(4) and (a)(5) only have applicability to imposition and revocation of a supervised release term, not an early termination. Subsection (a)(7) relates to restitution, which is inapplicable in this case.

3

the law and provide a just punishment. *See* 18 U.S.C. § 3553(a)(2)(A). The seriousness of the offense, Akers' substantial prior criminal history, and substance abuse addiction also warranted a lengthy term of supervised release for, at the time the sentence was imposed, the likelihood of recidivism was substantial.

Now, however, almost four years into his 8-year term of supervised release, this Court has compelling evidence that Akers has in fact been rehabilitated. Since his release from prison, he has never tested positive for a controlled substance—a remarkable achievement of sobriety given his history. Likewise, he has built his own business, which employs not only himself, but other people as well. Doing so demonstrates a level of commitment and drive to lead a changed, law-abiding life. Moreover, he receives no rehabilitative services from the United States Probation Office, again demonstrating rehabilitation. As for the deterrence value of continued supervision, it is clear that fear of prison is not what has motivated Akers to rebuild his life and make the positive changes he has made and maintained; the positive consequences of living a sober, law-abiding life is the best deterrence against future criminal conduct.

In short, the weight of the relevant 3553(a) factors favors the early termination of Akers' supervised release, those factors demonstrating he has been rehabilitated to the extent that he does not pose any more of a danger to society than anyone else. Accordingly, the interests of justice are served by the early termination of supervised release, and Akers' motion is granted.

*It is so ordered.*

Entered on October 6, 2025

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE